

1387

SHIRLEY V. REMMERT, PRO SE
990 Berkeley Avenue
Menlo Park, CA 94025
Tel: 650-921-8820
Message: 650-521-0571

**FILED**
APR - 3 2008
UNITED STATES BANKRUPTCY COURT
SAN FRANCISCO, CA

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA
San Francisco

In Re Shirley V. Remmert

APPELLANT REMMERT'S
STATEMENT OF ISSUES AND
DESIGNATION OF THE RECORD TO
BE CERTIFIED AND SENT TO THE
CIRCUIT CLERK FOR RECORD ON APPEAL/ EXHIBIT A

RE APPEAL FROM BANKRUPTCY COURT
CASE NO. 07-31336TEC-13 & ~~07-3121~~ sub

HON. THOMAS E. CARLSON

_____/

I, Appellant Shirley V. Remmert, hereby file a statement of the issues to be presented on appeal and a designation of the record to be certified and sent to the circuit Clerk under (FRAP 6(B)(i) (Appeal in a Bankruptcy Case from a Final Order). Exhibit A reflects the recent procedural history of this matter.

I declare that the above statement is true and correct under the penalties for perjury of the federal laws.

DATE: March 29, 2008

_____Shirley V Remmert_____
Appellant

APPELLANT'S STATEMENT OF ISSUES AND DESIGNATION OF RECORD/        1 of 1

1387

## STATEMENT OF ISSUES

I request that the Appellate Court of the United States District Court consider the following issues on appeal:

### Determination of Ownership of Subject Properties

1. Whether the court will stay proceedings pending determination of Case No. CIV 438208, Superior Court of San Mateo County, *Delfin M. Venoya v. Shirley V. Remmert; Julia C. Venoya* and my appeals;

2. Whether the court will stay any catastrophic losses imposed on me by order of the Superior Court or by foreclosure sale, such as removal from or demolition of my home.

3. Whether the court will provide an automatic stay of foreclosure.

4. Whether my appeal of a decision unfavorable to me or unjust in Case No. CIV 438208 may be ordered as a certified personal injury case or adversarial complaint for trial seeking damages in the U. S. District Court under 28 U.S.C. sec. 157(b)(5).

### Issues in Adversarial Complaint

5. Whether adversaries have driven my family members, family business, and me to poverty through fraud, criminal activities, or other means.

6. Whether adversaries illegally arranged to have my business partners forcibly drugged in a county conservatorship in which they were physically, mentally abused, and isolated.

7. Whether such abuse constitutes a denial of our constitutional rights under FRAP 44 and 42 U.S.C. sec. 1983, as we are excluded from pre-trial; discovery proceedings in

Case No. CIV 438208 because of the Probate Court conservatorship and restraining orders prohibiting my contact with them.

8. Whether such abuse constitutes a denial of our constitutional rights under the said codes, as we are excluded from all proceedings in the bankruptcy and appeals cases.

9. Whether a pattern of foul play against us warrants a federal criminal investigation by a grand jury.

### Immediate Release of Business Partners as a Matter of Law

10. Whether the court will determine that my business partners release and my being freed from restraining orders through injunctions of Probate Court orders are a condition precedent to any adjudication of this appeal.

11. Whether the court will stay its proceedings pending the restoration of our full civil rights through motions for injunction of the Probate Court orders (pending filing in a U.S. District Court).

12. Once freed of alleged false imprisonment and restraining orders, whether the court will stay its proceedings pending a reasonable length of time needed to correct emotional and financial harm done by three years of institutionalization and intentional abuse by adversaries toward my business partners. The abuse is concurrent with the filing of Case No. CIV 438208 and with the suppression of our rights to litigate in that case.

### Offset to Lenders' Claims

13. Whether adversary-lender Washington Mutual Bank in 1998 willfully neglected to disclose by letter that a proposed loan, later approved, was originally subject to investigation because of a title dispute.

14. Whether Washington Mutual Bank and successor lenders owe me a discharge of the debt minus cash-out payments plus a refund of interest under the doctrine of unjust enrichment.

### Bankruptcy Proceeding under the Chapter 11 Plan

15. If bankruptcy proceeding ultimately becomes necessary, whether the court will order the bankruptcy court to permit a Chapter 11 filing for the purpose of my restructuring my business and paying back the debts.

THE RECORD ON APPEAL

| **Document** | **Filed** |
|---|---|
| In Re Shirley Venoya Remmert<br>Bankruptcy filing under Chapter 13<br>Case No. 07-31336-TEC13<br>Hon. Thomas E. Carlson | October 15, 2007 |

(Hearing for November 5, 2007)

Notice...Motion for Order Terminating Automatic Stay

[Proposed]   Order for Relief from Automatic Stay

Certificate of Service                                                October 17, 2007

By Attorney Irvin W. Fegley for Petitioner Delfin M. Venoya

---

**ORDER** to File Required Documents and Notice re
Automatic Dismissal................................................................. October 24, 2007

---

(Hearing for November 5, 2007)

Response to Contested Matter...Re Motion for Order
Terminating Stay................................................................October 26, 2007

By S. V. Remmert

---

RECORD ON APPEAL/ C-08-04014 CW                          1

| **Document** | **Filed** |
|---|---|
| (Status Conference, January 24, 2008) | |
| Summons and Notice of Status Conference in an Adversary Proceeding........................................................................... | October 26, 2007 |
| Complaint Initiating Adversary Proceedings, Case No. 07-3121.... | October 26, 2007 |
| Memorandum of Points and Authorities in Support of Complaint... | October 26, 2007 |
| Re Adversary Proceeding 07-3121/ Motion for Certification to the U. S. District Court that Claim Requires Trial in said court [28 U.S.C. sec. 157(b)(5)]................................................................ | October 26, 2007 |
| Affidavit in Support of Adversarial Complaint........................... | October 26, 2007 |

By S. V. Remmert

(November 5, 2007 hearing)

| | |
|---|---|
| **ORDER** for Relief from Automatic Stay................................ | November 5, 2007 |

(January 9, 2008 hearing for confirmation)

| | |
|---|---|
| Objection to Confirmation with a Motion to Dismiss.................. | November 5, 2007 |
| Motion for Additional time to file Chapter 13 Plan or Order to Excuse Filing/ Memorandum/ Proposed Order - Under Submission To the Court | |

**Received** November 13, 2007

By S. V. Remmert

(Hearing for January 9, 2008)

| | |
|---|---|
| Opposition to Trustee's Motion for Dismissal.......................... | November 13, 2007 |

By S. V. Remmert

| Document | Filed |
|---|---|
| *(Hearing for January 7, 2008)* | |
| Motion and Notice of Motion for Relief from Judgment………. | November 15, 2007 |
| Notice and Opportunity for Hearing…………………………….. | November 15, 2008 |
| Memorandum in Support of a Motion for Relief from…………. | November 15, 2007 |
| Exhibits A ~ Z Revised 10-25-07 …Verification……………… | November 15, 2007 |
| Proof of Service………………………………………………….. | November 15, 2007 |
| By S.V. Remmert | |
| *(Hearing for January 9, 2008)* | |
| First Amended Objection to Confirmation with a Motion To Dismiss…………………………………………………………… | December 4, 2007 |
| By David Burchard, Trustee | |
| *(Status Conference, January 24, 2008)* | |
| Exhibits A ~ Z Revised November 1, 2007/ Affidavit……….. | December 7, 2007 |
| By S. V. Remmert | |
| *(Hearing for January 9, 2008, not held)* | |
| **ORDER** Setting Deadline to File Chapter 13 Plan……………. | December 13, 2007 |
| *(Hearing for January 9, 2008)* | |
| Supplement to Opposition to Trustee's Motion for dismissal….. | December 14, 2007 |
| By S. V. Remmert | |

| **Document** | **Filed** |
|---|---|
| (Hearing for January 7, 2008) | |
| Request for Protection of Witnesses Eva Al-Zaghari and her Minor Son (Re TRO motion)/ Memorandum of Points and Authorities/ Verification/ Proposed Order............................ | December 17, 2007 |
| Ex parte Motion/ Request that Indispensable Party (Falsely Imprisoned) by San Mateo County Appear in Ex Parte Court................................................................ | December 17, 2007 |
| Proof of Service of Pleadings for TRO and Related Matters.... | December 17, 2007 |
| Motion and Notice of Motion for TRO/ Memorandum of Points and Authorities/ Declaration/ Attachments/ Proposed Order................................................................ | December 17, 2007 |
| By S. V. Remmert | |
| (Hearing for January 7, 2008) | |
| Response to: (1) Motion for TRO, (2) Ex Parte motion and (3) Request for Protection of Witnesses............................ | December 26, 2007 |
| By Attorney Irvin W. Fegley for Delfin M. Venoya | |
| (Hearing for January 9, 2008) | |
| Response to Motion and Notice of Motion for Relief From Judgment.................................................................. | December 26, 2007 |
| By Attorney Irvin W. Fegley for Delfin M. Venoya | |
| (Hearing for January 9, 2008) | |
| Amended Proof of Service................................................ | January 2, 2008 |
| By S. V. Remmert | |

RECORD ON APPEAL/ C-08-04014 CW            4

| **Document** | **Filed** |
|---|---|
| (Status Conference, January 24, 2008) | |
| Proof of Service by Server Robin K. Vaka/ Certificate of Service............................................................ | January 2, 2008 |
| Proof of Service of Summons, Complaint, etc. by Server Arturo Garcia/ Certificate of Service................................. | January 2, 2008 |
| Server Robin Vaka's Declaration of Due Diligence in Serving Summons, Complaint, etc. upon Defendants Hisham M. Al-Zaghari and Sumaya Al-Zaghari......................................... | January 2, 2008 |
| Proof of Service of Summons and Complaint, etc. on Defendant Dolores Paguirigan/ Certificate of Service.............. | January 2, 2008 |
| By S. V. Remmert | |

---

**ORDER** (1) Denying Plaintiff's (a) Motion for Temporary Restraining Order, (b) Motion to Compel Eva Al-Zaghari To Appear, and (c) requeset for Protection of Eva Al-Z and Her minor Son, and (2) Vacating January 7, 2008 hearing......... January 4, 2008

---

**ORDER** (1) Denying Debtor's Motion for Relief from Judgment And (2) Vacating January 7, 2008 hearing........................... January 4, 2008

---

*"Notice of Chapter 11 Conversion and Notice of Election To be Considered a Small Business" (Clerk would not accept for Filing on January 4, 2008, because I was unable to pay fees.)*

---

RECORD ON APPEAL/ C-08-04014 CW                5

| Document | Filed |
|---|---|
| (Hearing for January 9, 2008, not held) | |
| Motion and Notice of Motion for Relief from Judgment (Of 12-13-07 Order) | |
| Under Submission by the Court………………………….. | January 7, 2008 |
| Notice and Opportunity for Hearing re Motion for Relief from Judgment/ Order of 12-13-07……… | January 7, 2008 |
| Proposed Order…………………………………................ | January 7, 2008 |
| Memorandum of Points and Authorities…………………. | January 7, 2008 |
| Proof of Service……………………………….................... | January 7, 2008 |
| By S. V. Remmert | |
| (Status Conference, January 24, 2008) | |
| Reply to Defendant D. M. Venoya's Answer to A/P Complaint/ Memorandum of Points and Authorities/ Affidavit…………… | January 7, 2008 |
| By S. V. Remmert | |
| (Status Conference, January 24, 2008) | |
| Answer to Remmert's Complaint Initiating Adversary Proceedings…………………………………............................... | |

RECORD ON APPEAL/ C-08-04014 CW                    6

| **Document** | **Filed** |
|---|---|
| Application for Suspension of Payment of Conversion-Filing Fee Pending Restoration of my Rental Income/ Memorandum of Points And Authorities/ Declaration/ Proposed Order…………………… | January 9, 2008 |
| Under Submission | |
| Application to File Motion for Conversion Pending Restoration of Enjoined Rental Income/ Declaration/ Exhibit of Proposed Motion For Conversion/ Proposed Order…………………………………….. | January 9, 2008 |
| Under Submission | |
| Proof of Service of Documents re Suspension of Conversion-Filing Fee………………………………….......................... | January 9, 2008 |
| By S. V. Remmert | |
| **ORDER** Dismissing Chapter 13 Case (Debtor Having failed to make plan payments……………………………….. | January 10, 2008 |
| (Status Conference, January 24, 2008) | |
| Proof of Service upon Hisham M. Al-Zaghari and Sumaya Al-Zaghari/ Certificate of Service……………………….. | January 18, 2008 |
| **ORDER** Dismissing Action (Adversarial Proceeding No.: 07-3121…………………….................................................... | January 22, 2008 |
| Proof of Service of BDR Program Information…………………… | January 23, 2008 |
| By S. V. Remmert | |

RECORD ON APPEAL/ C-08-04014 CW                7

| **Document** | **Filed** |
|---|---|
| Notice of Appeal of Order from Bankruptcy Court re Denied Relief for Business Partner  Motion for Stay of Foreclosure of Properties Accompanies Notice  By S. V. Remmert  **Received** February 1, 2008 | |
| Debtor's Notice of Appeal of Order from Bankruptcy Court Re Dismissal of Case for Failure to Submit Payment Plan  Motion for Stay of Foreclosure of Properties was filed in Related Appeal.  By S. V. Remmert  **Received** February 1, 2008 | |
| (Status Conference, June 17, 2008) Notice of Filing of Bankruptcy Appeal and **ORDER** Setting Status Conference.................................................................. | March 5, 2008 |

RECORD ON APPEAL/ C-08-04014 CW                8

A

**FILED**

MAR - 5 2008

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT OF CALIFORNIA

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE SHIRLEY V. REMMERT, | No. C-08-01404 CW |
| Plaintiff, | NOTICE OF FILING OF BANKRUPTCY APPEAL AND ORDER SETTING STATUS CONFERENCE |
| v. | |
| Defendant. | |

RE:
    Bankruptcy Case: 07-31366-TEC13
    Adversary No.:07-3121
    BAP No.:
    Appellant:

The appeal has been assigned the following case number C-08-01404 CW before the Honorable Claudia Wilken.

Upon the completion by parties of the perfection of the record pursuant to BR 8006 and 8007, the Bankruptcy Court will transmit a copy of the record on appeal to this court for docketing and issuance of a briefing schedule.

This matter is calendared for status conference on 6/17/2008 at     in Courtroom 2, Oakland.

This date will stand vacated upon the filing in this Court of the record on appeal, at which time a briefing schedule will issue.

Dated: Mar 12, 2008

                                          For the Court
                                          Richard W. Wieking, Clerk

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

IN RE SHIRLEY REMMERT,                    No. 08-01404 CW

    Debtor                                B.C. No. 07-31336 TEC13

                                             ADV. No. 07-3121

_____/    ORDER

    On March 5, 2008, Debtor Shirley Venoya Remmert filed a Debtor's Notice of Appeal of Order from Bankruptcy Court Re Dismissal of Case for Failure to Submit Payment Plan. A notice of appeal of a bankruptcy decision is filed in the Bankruptcy Court. Accordingly,

    IT IS HEREBY ORDERED that the Clerk shall forward to the Bankruptcy Court in San Francisco Debtor's Notice of Appeal of Order from Bankruptcy Court Re Dismissal of Case for Failure to Submit Payment Plan and Application to Proceed In Forma Pauperis. The status conference previously set in this Court for June 17, 2008 is vacated. The Clerk shall close the file.

3/20/08

                                             *Claudia Wilken*

Dated _____    _____
                                            CLAUDIA WILKEN
                                            United States District Judge

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

**FILED**
APR 2 1 2008
UNITED STATES BANKRUPTCY COURT
SAN FRANCISCO, CA

In re:   Shirley Benoya Remmert

Case Number: 07-31336 TC

Chapter: 13

Debtor(s) /

BAP Number: TBA

## CERTIFICATE OF RECORD

The undersigned Deputy Clerk of the U. S. Bankruptcy Court, San Francisco Division, hereby certifies pursuant to Local Rule 4(a) of the Rules of the U. S. Bankruptcy Appellate Panel of the Ninth Circuit that the designated record is in the U. S. Bankruptcy Court's file and will be transmitted upon request from the Clerk of the Bankruptcy Appellate Panel.

Date: 4/21/08

United States Bankruptcy Court

ANNA CHO-WONG

By: _____
Deputy Clerk, Anna Cho-Wong

d:\certrec.bk

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF CALIFORNIA

C-08-01404CW

Gloria L. Franklin  
Clerk of Court

San Francisco Bankruptcy Court  
235 Pine St.  
P.O. Box 7341  
San Francisco, CA 94120-7341

(415) 268-2300

**RECEIVED**  
MAY 12 2008  
RICHARD W. WIEKING  
CLERK, U.S. DISTRICT COURT  
NORTHERN DISTRICT OF CALIFORNIA

**FILED**  
APR 21 2008  
UNITED STATES BANKRUPTCY COURT  
SAN FRANCISCO, CA

United States Bankruptcy  
Appellate of Panel of the  
Ninth Circuit  
125 South Grand Avenue  
Pasadena, CA 91105

BAP No. TBA

**RECEIVED**  
Harold S. Marenus, Clerk  
U.S. BKCY.APP.PANEL  
OF THE NINTH CIRCUIT  
APR 23 2008  
FILED _____  
DOCKETED _____  
DATE      INITIAL

Re: Shirley Venoya Remmert

07-31336 TC

[ ] Enclosed please find a conformed copy of the notice of appeal, election to district court document, appellant designation, appellee designation, statement of issues, designated items to form the record on appeal, a certified copy of the docket and order being appealed for assignment to a district court judge.

[ ] Enclosed please find the notice of appeal, certified copy of the docket and order being appealed and related papers from BAP and designated items to form the record on appeal for assignment to a district court judge.

[X] Enclosed please find the Appellants' Designation of Record and Statement of Issues and a Certificate of Record for an appeal that has been previously sent to the BAP.

[ ] Enclosed please find a Bankruptcy Judge's Recommendation that Appeal Be Dismissed and the Notice of Appeal and associated documents filed with the Bankruptcy Court.

Gloria L. Franklin, Clerk  
United States Bankruptcy Court

Dated: April 21, 2008

By: **ANNA CHO-WONG**  
Deputy Clerk, Anna Cho-Wong